UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Marquis Johnson, | ) | Cr. No. 4:08-cr-01258-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Petitioner John Marquis Johnson's *pro se* "Writ of *Audita Quarela* Motion to Reduce or Correct Sentence" filed on April 2, 2012. (ECF No. 520). Petitioner entered a guilty plea on July 9, 2009 to Count One of the indictment which charged conspiracy to distribute and possess with intent to distribute 5 grams or more of cocaine base, a quantity of cocaine, and a quantity of marijuana and Count Ten of the indictment which charged felon in possession of a firearm. The plea agreement further stated that, if Count 10 made the defendant an armed career offender, then the government would dismiss Count One. A sentencing hearing was held on November 5, 2009, and the Court granted the motion by the government to dismiss Count One. The Court sentenced Petitioner to 180 months imprisonment, followed by five (5) years of supervised release. Judgment was entered accordingly on November 10, 2009. No appeal was taken. An amended judgment was filed on February 15, 2012 reducing the sentence to 120 months pursuant to the government's Rule 35(b) motion. Petitioner has now filed this petition seeking a writ of *audita querela*.

Petitioner requests the issuance of a writ of *audita querela* on the basis of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). He asserts that he is therefore factually innocent and moves to withdraw his guilty plea on this basis. He also requests appointment of counsel. None of these

1

grounds is appropriate for issuance of a writ of *audita querela* in this case.

***Writ of Audita Querela***. *Audita querela* was introduced during the time of Edward III and was available to a judgment debtor who sought a rehearing on grounds of after-discovered evidence or "newly existing legal defenses." BLACK'S LAW DICTIONARY (8th ed. 2004). The writ has been abolished in federal civil practice. *See* Fed. R. Civ. P. 60(b). The writ "at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed.2d 248 (1954) and the All Writs Act . . . *Morgan* stands for the proposition that the common law writs . . . are available to 'fill the interstices of the federal post-conviction remedial framework.' . . . In other words, the common law writs survive only to the extent that they fill 'gaps' in the current systems of postconviction relief." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001), cited in *In re: Watkins*, 223 Fed. Appx. 265 (4th Cir. 2007) and *Barber v. United States*, 60 Fed. Appx. 487 (4th Cir. 2003).

The writ of *audita querela* is not available to the petitioner as to his assertion that his sentence should be reduced under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) because the petitioner could have filed a petition pursuant to 28 U.S.C. § 2255.[1] The docket reflects that the petitioner has not filed any action pursuant to Section 2255. "[A] federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under Section 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." *Valdez-*

---

[1] A 1-year limitation period applies to a motion pursuant to 28 U.S.C. Section 2255. The limitation period runs from the later of "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution . . . is removed . . .; (3) the date on which the right asserted was initially recognized by the Supreme Court . . . ; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. Section 2255(f).

2

*Pacheco*, 237 F.3d at 1080. There is thus no gap in the petitioner's post-conviction remedies as to the arguments based on *Simmons*.[2]

The petitioner also moves to withdraw his plea on the basis of *Siimmons*. However, this ground is also not appropriate for issuance of a writ of *audita querela*. Again, such a request could have been made pursuant to 28 U.S.C. § 2255. Therefore, there is no gap in the post-conviction relief available to the petitioner.

Therefore, for the reasons stated, the petition for issuance of a writ of *audita querela*, for an evidentiary hearing, and to appoint counsel is denied.

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

July 23, 2012
Florence, SC

---

[2] The *Simmons* case, issued on August 17, 2011, is not a decision of the United States Supreme Court and therefore does not reset the clock on the Section 2255 limitation period. Additionally, more than a year has passed since the issuance of *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), decided on June 14, 2010, which was the United States Supreme Court case relied on by the Fourth Circuit in *Simmons*, even if that case was applied retroactively.

3